UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| CLINTON ALLEN CRAWFORD,<br>      Petitioner,<br><br>-v-<br><br>JEFFREY WOODS,<br>      Respondent. | No. 2:16-cv-179<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING § 2254 PETITION FOR HABEAS RELIEF

Clinton Crawford filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge reviewed the record and issued a report recommending the petition be denied. (ECF No. 8.) Crawford filed objections. (ECF No. 9.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Crawford argues the state trial court improperly instructed the jury that a prior inconsistent statement used against a witness could be used as substantive evidence. Crawford further argues the prosecutor committed misconduct by arguing to the jury that the

statement could be used as substantive evidence. Finally, Crawford argues counsel was ineffective for failing to object to prosecutor's argument or the jury instruction.

This argument was raised on appeal. The Michigan Court of Appeals held that the instruction was in error and that the prior inconsistent statement should not have been admitted for use as substantive evidence. (ECF No. 6-17 Court of Appeal's Opinion at 2 PageID.1349.) Nevertheless, Crawford was unable to demonstrate that the error affected the fairness or integrity of the trial. Defense counsel affirmatively agreed to the instruction. (*Id.*) The prosecutor's argument was entirely consistent with the trial court's evidentiary ruling and instruction. (*Id.*) Finally, even if all of the above were improper, "the case against defendant, . . . , was proven beyond a reasonable doubt by admissible and compelling evidence even without the challenged testimony." (*Id.*)

The Court has carefully reviewed Crawford's objections. Those objections are overruled. The magistrate judge accurately described the relevant facts and correctly applied those facts to the law. Crawford has not demonstrated any clear violation of established federal law. Crawford generally conflates the trial court's instructional error with the prosecutor's alleged misconduct. The prosecutor did not commit misconduct; the prosecutor argued the case consistent with the trial court's evidentiary rulings and with the approved instructions. And, as coherently explained by the Michigan Court of Appeals, even though the trial court's evidentiary ruling and instruction were erroneous, the error did not affect the fairness or integrity of the trial because there was other admissible evidence, albeit circumstantial, that established Crawford's guilt. The disputed instruction did not outline the elements of the crime itself. Therefore, the erroneous instruction did not violate clearly

established federal law regarding jury instructions and due process. Finally, the magistrate judge explained that the record supported the conclusion that defense counsel's acquiescence to the argument and instruction was reasonable (R&R at 12-13 PageID.1493-94), a conclusion Crawford does not address in his objections.

For these reasons, the report and recommendation (ECF No. 8) is **ADOPTED** as the Opinion of this Court. Crawford has not asserted or alleged a factual dispute which would require an evidentiary hearing. Crawford raised legal issues concerning the propriety of the trial court's evidentiary rulings, the jury instructions, and the prosecutor's conduct. Therefore, Crawford's motion for an evidentiary hearing (ECF No. 10) is **DENIED**. And, Crawford's petition for habeas relief is **DENIED**.

This Court has separately reviewed the record for the purpose of deciding whether to issue a Certificate of Appealability. While errors did occur in Crawford's trial, reasonable jurists would not disagree with the manner in which this Court has resolved Crawford's petition for habeas relief. Those errors did not arise to clear violations of established federal law. A Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Date:  May 10, 2019                                       /s/ Paul L. Maloney
                                                                                                                            Paul L. Maloney
                                                                                                                             United States District Judge